**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE CALDERONI | : | CIVIL ACTION |
| 500 Wilder Road | : | |
| Wallingford, PA 19086 | : | DOCKET NO.: 23-4196 |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | **JURY TRIAL DEMANDED** |
| | : | |
| GLOBUS MEDICAL | : | |
| NORTH AMERICA, INC. | : | |
| 2560 General Armistead Avenue | : | |
| Audubon, PA 19403 | : | |
| | : | |
| and | : | |
| | : | |
| GLOBUS MEDICAL, INC. | : | |
| 2560 General Armistead Avenue | : | |
| Audubon, PA 19403 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

NATURE OF THE ACTION

This action has been initiated by Plaintiff Michelle Calderoni (hereinafter referred to as "Plaintiff" unless indicated otherwise), by and through her undersigned counsel, who hereby alleges that her rights to be free from discrimination, retaliation and a hostile work environment on the basis of her gender/sex (female), and on the basis of her status as a pregnant individual (pregnancy), have been violated by Defendants Globus Medical North America, Inc. and Globus Medical, Inc., (hereinafter referred to collectively as "Defendants" unless indicated otherwise).

Plaintiff seeks to redress violations by Defendants, jointly and/or severally, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter referred to as "Title

VII"), individually and as amended by the  Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981a, et. seq. (hereinafter referred to as the "PDA"), as well as Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§ 951-963 (hereinafter referred to as the "PHRA"), as well as any and all applicable regulations promulgated under Title VII, the PDA, and/or the PHRA.  Plaintiff asserts that during her employment with Defendants she was subjected to discrimination, retaliation, and a hostile work environment, on the basis of her gender/sex (female), and on the basis of her status as a pregnant individual (pregnancy), ultimately resulting in Plaintiff's retaliatory/discriminatory discharge from employment by Defendants, in furtherance of gender and/or pregnancy discrimination/retaliation, in violation of Title VII, the PDA and the PHRA.

At all times material hereto, Plaintiff was an employee and/or a former employee of Defendants, having been hired by Defendants, on or about January 2, 2018, to serve in the position of Associate Program Manager, a full-time salaried position, which Plaintiff held until being subjected to discriminatory and/or retaliatory termination of employment, by Defendants, jointly and/or severally, on or about February 7, 2020   Plaintiff has complied with all statutory and administrative requirements of Title VII, the PDA, and the PHRA, having timely filed Charges of Discrimination with both the Pennsylvania Human Relations Commission (PHRC), assigned PHRC Case No. 202000418, as well as the Equal Employment Opportunity Commission (EEOC), assigned EEOC Charge No. 17F202061675. More than one-year has passed since Plaintiff's filing of her charges with the PHRC and the EEOC and she has received her Right to Sue Notification from the EEOC.  See a true and correct copy of the EEOC Right to Sue letter, issued to Plaintiff, which has been attached hereto and incorporated herein as Exhibit "A".  Plaintiff has complied with all statutory requirements of Title VII, the PDA and the PHRA

and this matter is ripe for private civil action.

The discriminatory/retaliatory actions taken against Plaintiff by Defendants, jointly and/or severally, in violation of Title VII, the PDA, and the PHRA, has resulted in monetary damages, lost benefits of employment,  as well as damage to Plaintiff's  professional reputation, severe emotional distress, humiliation, and other emotional/compensatory damages.  Moreover, Defendants conduct, jointly and/or severally, is so egregious, outrageous, intentional, malicious and otherwise exhibiting a lack of good faith/fair dealing, that Plaintiff further seeks punitive damages and liquidated damages , to the maximum extent as provided under Title VII, the PDA and the PHRA.

## JURISDICTION AND VENUE

1.      Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

2.      This action is initiated pursuant to both federal law and Pennsylvania law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter referred to as "Title VII"), individually and as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981a, et. seq. (hereinafter referred to as the "PDA"), as well as Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§ 951-963(hereinafter referred to as the "PHRA"), as well as any and all applicable regulations promulgated under Title VII, the PDA, and/or the PHRA.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over Plaintiff's federal law claims (under Title VII and the PDA)  pursuant to 28 U.S.C. § 1331 because these claims arise  under the laws of the United States.  Jurisdiction over the state law claims (PHRA) is conferred upon this court by virtue of the Judicial Improvements Act of 1990,

28 U.S.C. § 1367

3.      The unlawful practices of Defendants, jointly and/or severally, as well as Defendants' agents, servants, employees, contractors, work-persons, vendors, and assigns, as set forth with particularity herein, were committed by Defendants, jointly and/or severally, within the Commonwealth of Pennsylvania and the U.S. Eastern Judicial District of Pennsylvania.   This court has personal jurisdiction over Defendants.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. § § 1391(b)(10 and (b)(2), because Defendants resides in and/or conduct business within this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set-forth herein occurred in this judicial district.

**PARTIES**

5.      Plaintiff hereby incorporated the preceding paragraphs of this Civil Action Complaint as though each were set forth at length herein.

6.      Plaintiff Michelle Calderoni  an adult individual who currently resides at 500 Wilder Road, Wallingford, PA 19086.

7.      At all times relevant to this Civil Action Complaint, Plaintiff was an employee of Defendants, within the meaning of the relevant statutes referenced herein and was protected against discrimination and retaliation in employment on the basis of her protected class status, both due to her gender/sex (female) and due to her status as a pregnant individual (pregnancy).

8.      At all times relevant to this Civil Action Complaint, Defendant Globus Medical North America, Inc., was/is a corporation and/or other business entity, who conducted business within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania, at 2560 General Armistead Avenue, Audubon, PA 19403.

9.      At all times relevant to this Civil Action Complaint, Defendant Globus Medical North America, Inc., was/is an employer of Title VII, the PDA, and PHRA.  At all times relevant to this Civil Action Complaint, Defendant Globus Medical North America, Inc. was and is engaged in commerce within the meaning of the Title VII, the PDA, and PHRA, and was also engaged in a industry affecting commerce as defined by Title VII and the PDA.  At all times relevant to this Civil Action Complaint, Defendant Globus Medical North America, Inc. employed in excess of 500 full time employees and had a regular place of business/office/facility located at 2560 General Armistead Avenue, Audubon, PA 19403, which is where Plaintiff was assigned to work. As such, Defendant Globus Medical North America, Inc. was/is prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of Plaintiff's gender and pregnancy; and was/is prohibited from taking adverse employment actions against Plaintiff, up to and including termination, for Plaintiff seeking reasonable and legally protected time off, including pre-natal doctors visits, as well as in retaliation for Plaintiff needing to take anticipated time-off (maternity leave).

10.     At all times relevant to this Civil Action Complaint,  Defendant Globus Medical, Inc., was/is a corporation and/or other business entity, who conducted business within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania, at 2560 General Armistead Avenue, Audubon, PA 19403.

11.     At all times relevant to this Civil Action Complaint, Defendant Globus Medical, Inc. was/is an employer of Title VII, the PDA, and PHRA.  At all times relevant to this Civil Action Complaint,  Defendant Globus Medical, Inc. was and is engaged in commerce within the meaning of the Title VII, the PDA, and PHRA, and was also engaged in a industry affecting commerce as defined by Title VII and the PDA.  At all times relevant to this Civil Action

Complaint, Defendant Globus Medical, Inc. employed in excess of 500 full time employees and had a regular place of business/office/facility located at 2560 General Armistead Avenue, Audubon, PA 19403, which is where Plaintiff was assigned to work. As such, Defendant Globus Medical, Inc. was/is prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of Plaintiff's gender and pregnancy; and was/is prohibited from taking adverse employment actions against Plaintiff, up to and including termination, for Plaintiff seeking reasonable and legally protected time off, including pre-natal doctors visits, as well as in retaliation for Plaintiff needing to take anticipated time-off (maternity leave).

12. Defendant Globus Medical North America, Inc. and Defendant Globus Medical, Inc., are hereinafter referred to collectively as "Defendants" unless indicated otherwise.

13. At all times material hereto, Defendants, jointly and/or severally, were acting by and through their agents, servants, work-persons, contractors, vendors and/or employees.

14. At all times material hereto, Defendants, jointly and/or severally, were/are liable for the acts and omissions of their respective agents, servants, work-persons, contractors, vendors and/or employees, including but not limited to those specifically described *infra*, under theories of *respondeat superior,* master-servant, agency and right-of-control.

15. At all times relevant to this Civil Action Complaint, Plaintiff Michelle Calderoni was an employee of Defendants, jointly and/or severally, within the meaning of the relevant statutes referenced herein and protected against discrimination in employment, retaliation and the creation of a hostile work environment, on the basis of Plaintiff's sex/gender (female) and on the basis of Plaintiff's status as a pregnant individual (pregnancy).

**FACTUAL BACKGROUND**

16. Plaintiff hereby incorporates the preceding paragraphs of this Civil Action

Complaint as though each were set forth at length herein.

17.    On or about January 2, 2018, Plaintiff was hired by Defendants, jointly and/or severally, in the position of Associate Program Manager, which was a full-time salaried position. At all times material hereto Plaintiff's primary place of work/office with Defendants was at Defendants office/facility located at 2560 General Armistead Avenue, Audbon, PA 19403.

18.    In or around December 16, 2019, Plaintiff learned that she was pregnant.

19.    Shortly thereafter, in or around late December 2019, Plaintiff  informed both her co-workers, and Defendants' management staff, of her pregnancy.

20.    In or around August 2019, prior to Plaintiff's  pregnancy, Plaintiff regularly received positive performance evaluations from Defendants.

21.    In or around January 23, 2020, after Defendants' management staff became aware of Plaintiff's pregnancy, Plaintiff was called into a meeting with her immediate supervisor, Ms. Jenna McHale.  During this meeting, Ms. McHale presented Plaintiff with a negative performance review, and informed Plaintiff  that she [Plaintiff] was to be placed on a "corrective action plan".  In actuality, the negative performance evaluation Defendants issued to Plaintiff was in furtherance of discrimination based on Plaintiff's sex/gender (female), as well as due to Plaintiff's status as a pregnant individual (pregnancy).

22.    Plaintiff  was further informed by Defendants, during the January 23, 2020 meeting, that Plaintiff's  performance would be reevaluated in one month's time, on or about February 21, 2020, for the purposes of determining her continued employment status with Defendants.

23.    Shortly thereafter, Plaintiff was informed that she would be required to go to Italy, to perform work at a conference being held in Verona, Italy.  Defendants made the

decision to send Plaintiff to Italy, despite being aware of Plaintiff's pregnancy, and despite being aware of the serious outbreak of the COVID-19 virus in Italy during that time-period. Defendants' decision to send Plaintiff to Italy, despite being aware of her pregnancy, constituted intentional discrimination/creation of a hostile work environment, on the basis of Plaintiff's pregnancy.

24.     On or about January 29, 2020, Plaintiff dutifully complied with Defendants' directive to travel to Italy and satisfactorily performed the functions of her job while there.

25.     Plaintiff returned to the United States in or around February 4, 2020.

26.     On or about February 7, 2020, Plaintiff was called into a meeting with Defendants' management staff, despite Defendants' management staff being aware that Plaintiff had taken the day off to attend a pre-natal appointment.  Present for this meeting were Plaintiff's supervisor, Jenna McHale and Defendants' Human Resources Manager, Joan Huggins.

27.     During the February 7, 2020 meeting, Plaintiff was informed by Defendants' management staff that she (Plaintiff) was being terminated, with Defendants' management staff informing Plaintiff, *without factual basis*, that Plaintiff had performed unsatisfactorily during the conference in Italy.  In actuality, Plaintiff was terminated by Defendants, jointly and/or severally, in furtherance of gender/sex (female) discrimination, pregnancy discrimination, and in retaliation for Plaintiff previously informing Defendants that she (Plaintiff) would need time-off for required pre-natal medical care, as well as the anticipated time that Plaintiff was going to need to take off following the birth of her child (maternity leave).

28.     Defendants' decision to terminate Plaintiff was made solely because of Plaintiff's sex/gender (female) and due to Plaintiff's status as a pregnant individual (pregnancy) and was in furtherance of discrimination and retaliation in violation of Title VII, the PDA and the

PHRA.

29.    Furthermore, the actions taken by Defendants, jointly and/or severally, after learning of Plaintiff's pregnancy, including but not limited to sending Plaintiff to Italy, constituted a hostile work environment on the basis of Plaintiff's pregnancy.

30.    Defendants, jointly and/or severally, including but not limited to Defendants' respective agents, servants, work-persons, contractors, vendors and employees who were authorized and acting within the scope of it's authority, subjected Plaintiff to discrimination, retaliation, and a hostile work environment on the basis of Plaintiff's sex/gender (female) and due to Plaintiff's status as a pregnant individual (pregnancy)

31.    The actions by Defendants have resulted in damage to Plaintiff's financial well being, including but not limited to lost wages/income, lost medical benefits, lost stock-options, lost-retirement benefits, other lost benefits of employment, and loss of professional development, as well as causing both psychological and emotional injuries to Plaintiff.

32.     The discriminatory/retaliatory actions taken against Plaintiff by Defendants, jointly and/or severally, in violation of Title VII, the PDA, and the PHRA, has resulted in monetary damages, lost benefits of employment,  as well as damage to Plaintiff's  professional reputation, severe emotional distress, humiliation, and other emotional/compensatory damages. Moreover, Defendants conduct, jointly and/or severally, is so egregious, outrageous, intentional, malicious and otherwise exhibiting a lack of good faith/fair dealing, that Plaintiff further seeks punitive damages and liquidated damages , to the maximum extent as provided under Title VII, the PDA and the PHRA, as well as any other available remedies available under Title VII, the PDA and/or the PHRA, that may be awarded by the Court.

33.    Plaintiff further  prays that the Defendants be required to provide all appropriate

remedies under Section 9 of the Pennsylvania Human Relations Act.

**LEGAL ALLEGATIONS**
**COUNT I**

**VIOLATIONS OF THE TITLE VII, INDIVIDUALLY (GENDER ) AND AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT (PREGNANCY)**

**GENDER/PREGNANCY DISCRIMINATION; CREATION OF HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER/PREGNANCY; AND GENDER/PREGNANCY RETALIATION; CULMINATING IN WRONGFUL TERMINATION OF EMPLOYMENT)**

34.     Plaintiff hereby incorporates the preceding paragraphs of this Civil Action Complaint as though each were set forth at length herein.

35.     The actions of Defendants, jointly and/or severally, as set forth *supra* constitute: gender discrimination/pregnancy discrimination; the creation of a hostile work environment on the basis of Plaintiff's gender/pregnancy; and retaliation by Defendants for Plaintiff informing Defendants that she (Plaintiff) would need time-off for required pre-natal medical care, as well as the anticipated time that Plaintiff was going to need to take off following the birth of her child (maternity leave)

36.     At all times material hereto Defendants intentionally discriminated and/or harassed and/or retaliated and/or created a hostile work environment, against Plaintiff, on the basis of Plaintiff's sex/gender (female) and on the basis of Plaintiff's status as a pregnant individual (pregnancy), by committing a course of conduct including but not limited to the above-described.

37.     At all times material hereto Defendants, jointly and/or severally,  intentionally committed a course of conduct including but not limited to the above-described, constituting discrimination, retaliation and the creation of a hostile work environment, all in violation of Title

VII and the PDA.

38.    Furthermore, at all times material to this Civil Action Complaint, Defendants, jointly and/or severally,  knew or should have known that their employment practices had a disparate impact upon Plaintiff, on the basis of Plaintiff's sex/gender (female) and/or on the basis of Plaintiff's status as a pregnant individual (pregnancy) and failed to stop, continued, and/or encouraged  its practices thus aiding and abetting the discriminatory actions of its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

39.    As a direct and/proximate result of the above-described discriminatory and/or retaliatory actions of Defendants, jointly and/or severally, Plaintiff suffered  financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits of employment.

40.    As a direct and/proximate result of the above-described discriminatory and/or retaliatory actions of Defendants, jointly and/or severally, as well as the actions of Defendants in creating a hostile work environment, Plaintiff suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, and embarrassment.

41.    As a direct and/or proximate result of Defendants discriminatory and/or retaliatory conduct, Plaintiff suffered professional injuries, including but not limited to his injuries to her professional development.

42.    Defendants conduct, jointly and/or severally, is so egregious, outrageous,  intentional, malicious and otherwise exhibiting a lack of good faith/fair dealing, that Plaintiff further seeks punitive damages and liquidated damages , to the maximum extent as provided under Title VII, the PDA and the PHRA, as well as any other available remedies available under Title VII, the PDA and/or the PHRA, that may be awarded by the Court.

## COUNT II

## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

## GENDER/PREGNANCY DISCRIMINATION; CREATION OF HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER/PREGNANCY; AND GENDER/PREGNANCY RETALIATION; CULMINATING IN WRONGFUL TERMINATION OF EMPLOYMENT)

43.    Plaintiff hereby incorporates the preceding paragraphs of this Civil Action Complaint as though each were set forth at length herein.

44.    The actions of Defendants, jointly and/or severally, as set forth *supra* constitute: gender discrimination/pregnancy discrimination; the creation of a hostile work environment on the basis of Plaintiff's gender/pregnancy; and retaliation by Defendants for Plaintiff informing Defendants that she (Plaintiff) would need time-off for required pre-natal medical care, as well as the anticipated time that Plaintiff was going to need to take off following the birth of her child (maternity leave)

45.    At all times material hereto Defendants intentionally discriminated and/or harassed and/or retaliated and/or created a hostile work environment, against Plaintiff, on the basis of Plaintiff's sex/gender (female) and on the basis of Plaintiff's status as a pregnant individual (pregnancy), by committing a course of conduct including but not limited to the above-described.

46.    At all times material hereto Defendants, jointly and/or severally,  intentionally committed a course of conduct including but not limited to the above-described, constituting discrimination, retaliation and the creation of a hostile work environment, all in violation of the PHRA.

47.    Furthermore, at all times material to this Civil Action Complaint, Defendants,

jointly and/or severally,  knew or should have known that their employment practices had a disparate impact upon Plaintiff, on the basis of Plaintiff's sex/gender (female) and/or on the basis of Plaintiff's status as a pregnant individual (pregnancy) and failed to stop, continued, and/or encouraged  its practices thus aiding and abetting the discriminatory actions of its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

48.    As a direct and/proximate result of the above-described discriminatory and/or retaliatory actions of Defendants, jointly and/or severally, Plaintiff suffered  financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits of employment.

49.    As a direct and/proximate result of the above-described discriminatory and/or retaliatory actions of Defendants, jointly and/or severally, as well as the actions of Defendants in creating a hostile work environment, Plaintiff suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, and embarrassment.

50.    As a direct and/or proximate result of Defendants discriminatory and/or retaliatory conduct, Plaintiff suffered professional injuries, including but not limited to his injuries to her professional development.

51.    Defendants conduct, jointly and/or severally, is so egregious, outrageous,  intentional, malicious and otherwise exhibiting a lack of good faith/fair dealing, that Plaintiff further seeks punitive damages and liquidated damages , to the maximum extent as provided under Title VII, the PDA and the PHRA, as well as any other available remedies available under Title VII, the PDA and/or the PHRA, that may be awarded by the Court.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff MICHELLE CALDERONI respectfully requests that

this Honorable Court award her the following relief/take the following actions:

A.  Exercise jurisdiction over this matter;

B.  Issue declaratory and injunctive relief finding that the above described practices, committed by Defendants, jointly and/or severally,  are unlawful and enjoining their past and continued effects;

C.  Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate Plaintiff  for Defendants' discrimination, retaliation and creation of a hostile work environment, including but not limited to: back pay, front pay, past lost wages, future lost wages,  lost pay increases, lost pay incentives and lost benefits of employment, as well as compensation for injury to reputation, injury to professional development, emotional well-being, humiliation, and physical and mental pain and suffering; all of which is **in EXCESS of $150,000.00.**

D.  Award Plaintiff liquidated damages in the amount of double all damages awarded or to the maximum extent permitted by law, whichever is higher.

E.  Award Plaintiff punitive damages, to the maximum extent permitted by law.

E.  Award Plaintiff her reasonable attorney fees and costs; and

F.  Grant such other relief as this Court deems just, proper and equitable, as well as any  other damages or remedies available under the law;

G.  Permit Plaintiff's claims to receive a trial by jury to the extent allowed by applicable law. Specifically, Plaintiff, in accordance with Federal Rules of Civil Procedure 38(b) demands a trial by jury on all issues triable by jury, and has also endorsed this demand on the caption of this Complaint in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

s/William J. Ringland
William J. Ringland, Esquire
Attorney for Plaintiff Michelle Calderoni
THE PEARCE LAW FIRM, P.C.
1701 Walnut Street, 6th Floor
Philadelphia, PA 19103
(215) 557-8686 (p); (215)-557-7226(f)
wringland@thepearcelawfirm.com

Dated: October 30, 2023

EXHIBIT "A"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**    Michele Calderoni
500 Wilder Road
Wallingford, PA 19086

**Re:**    Michele Calderoni v. Globus Medical North America, Inc.; Glob
EEOC Charge Number: 17F-2020-61675

EEOC Representative and email:    State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  8/3/2023
Karen McDonough
Deputy District Director

cc:    For Respondent

Monica L. Simmons, Esq.
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102

For Charging Party

William J. Ringland, Esq.
The Pearce Law Firm
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.